NOONAN, Circuit Judge,
dissenting:
The statutes at issue, inferentially the result of negotiation and compromise, deliberately spell out what is preempted by federal law. State regulations preempted are those that require “disclosure of information with respect to the energy use, energy efficiency or water use ... other than the information required under section 6294 of this title.” 42 U.S.C. § 6297(a)(1)(B). Where federal regulations do not require disclosure of such information to the federal government, a state is expressly prohibited from requiring such disclosure to consumers or to a state authority.
The majority opinion holds' that the prohibition applies only to disclosure to consumers. The holding is a radical reduction of the key statutory term. “Disclosure,” Webster’s Third New International Dictionary (3d ed.1993) informs us, is “the act or an instance of opening up to view, knowledge or comprehension.” Disclosure to a state agency is as much an opening up to view of the data as disclosure to consumers would be. Congress has chosen a broad term to prevent the imposition by a state of the -burden of disclosure. Just as the meaning of “disclose” is “to expose to view” or “to make known,” so the substantive noun referencing such an act is so extensive that it encompasses every compulsory revelation of the relevant information. Palpably the - statute is meant to preempt the state from entering the federal domain.
I do not ask for “a broad reading” of “disclosure,” but for an exact reading of a broad term. Obviously where the information is going to consumers as required by 42 U.S.C. § 6294, the meaning of disclosure is narrowed by the audience referenced. But narrowing in such a context does not limit the generality of the statutory term when no special context restricts it. That Congress did not use the term “disclosure” when describing reports to DOE does not have bearing on Congress’s intent when it found a single compendious way to say that manufacturers need not inform either the government or consumers.
Impatience with the restraints imposed by the precise pre-emptive words of the statute is also manifest when the majority deals with the phrase “other than” as the phrase refers to regulations other than federal regulations. 42 U.S.C. § 6316(a), (a)(4). Where there are no federal regulations on the subject because the DOE has not promulgated any regulations, then any state regulations are “other than” those federally required. The court indulges idiosyncratic imagination in supposing that there must be federal regulations in existence for “other than” to apply. Au contraire, if nothing exists, any state regulations are other than what exists as federal regulation. The fundamental tenet of express preemption is that Congress may preclude state involvement, even where it chooses not to regulate. *506 Through its misreading of “other than” the court has imposed a heightened burden on the manufacturers to show implied preemption, despite Congress’ express statement of preemption.
The court employs a presumption against preemption — a presumption only triggered by showing the field to be one traditionally occupied by the states. United States v. Locke, 529 U.S. 89, 108, 120 S.Ct. 1135, 146 L.Ed.2d 69 (2001). California alone regulates the uses at issue. California is not big enough single-handedly to generate the presumption. The fate of California’s “Fleet Rules” may be augury of what is to come. See Engine Manufacturers Ass’n v. South Coast Air Quality Management District, 541 U.S. 246, 124 S.Ct. 1756, 158 L.Ed.2d 529 (2004).
I would affirm the judgment of the district court.